## EVIDENCE AS TO FULFILLMENT OF CONTRACT UPON WHICH PRIORITY OF MORTGAGE WAS BASED.

Circuit Court of Cuyahoga County.

JENNIE LICKER v. MARY F. GREEN ET AL.

Decided, November 23, 1909.

*Mortgages—Priorities—Record best Evidence—Burden of Proof.*

Where the record shows the priorities of mortgages, the burden of proof is upon the one asserting a different priority to prove it, and where the evidence leaves the point doubtful the priorities will be adjudged according to the record.

*William Rothenberg,* for plaintiff in error.
*A. H. Martin and McGraw & Hauxhurst,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is here on appeal and was heard on the evidence adduced by the parties.

Plaintiff's petition sets up a mortgage on certain premises, which she claims to be a first mortgage and asks to be foreclosed. The defendant, D. A. Howard, in a cross-petition sets up another mortgage which he claims to be a first lien and likewise desires foreclosed. The plaintiff then sets up a contract between herself and Howard by the terms of which it was agreed that she should release her vendor's lien on the property and take a mortgage second to Howard's mortgage, but that if Howard should neglect to advance $4,550 to the defendants, Green, the purchasers of the property, or if that amount should not be invested in improvements on the property, then her mortgage should become a first lien.

The record of the two mortgages shows Howard's to be the first lien. The burden is then upon the plaintiff to prove that Howard did not advance the $4,550 to Green, or that it was not expended upon the property.

We think the evidence of Howard's advancing the money to Green is sufficient, but have had considerable doubt as to whether

Green expended it upon the property. It is suggested that Green expended part of this money on other property, but there is no evidence to show that he did. We think the vouchers he produces, while not in the best of shape, might be considered as showing the full amount went into the property here involved. However, he is not a very credible witness. There is a dispute between him and his mason contractor, as to whether the mason work was to come to $2,000 or $1,000, and as to how much was paid him. We understand there is a lawsuit pending between them on this point.

Plaintiff's expert witness, architect Gleichman, testifies that the improvements could not have cost as much as Green claims they did. On the other hand, Green's architect, Janowitz, says the job is a fair one and he estimated it would cost $5,000 and was paid a commission on that amount.

All in all the evidence is unsatisfactory and inconclusive. We are left with a feeling that $4,550 may have been expended upon the property, but are not sure about it. On the other hand, the burden is upon the plaintiff to prove by a preponderance of the evidence that $4,550 did not go into the property. This burden, we think, she had not borne; the evidence is too much in equipoise.

For this reason, we have to leave the priorities of the mortgages to stand as fixed by their record and decree may be drawn accordingly.